**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANTONIO HERNANDEZ-RODRIGUEZ,<br><br>    Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 10-73922<br><br>Agency No. A088-346-420<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Miguel Antonio Hernandez-Rodriguez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Hernandez-Rodriguez and his cousin testified that the cousin's ex-boyfriend, an El Salvadoran police officer, hit the cousin and threatened her because she married someone else. After the threats, the cousin fled to the United States, accompanied by Hernandez-Rodriguez.

Hernandez-Rodriguez does not contend that he suffered past persecution, but he contends that he will be persecuted on account of his family relationship with his cousin if he returns to El Salvador. Substantial evidence supports the BIA's denial of asylum and withholding of removal based on the fact that Hernandez-Rodriguez's family members remain in El Salvador and have not been harmed by the ex-boyfriend. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743-44 (9th Cir. 2008) (where petitioner's claim of persecution is based on family membership, the fact that family members remain unharmed is "substantial evidence" that petitioner lacks a well-founded fear of future persecution). Accordingly, Hernandez-Rodriguez's asylum and withholding of removal claims fail.

We reject Hernandez-Rodriguez's argument that the IJ erred by failing to credit his cousin's testimony. Contrary to Hernandez-Rodriguez's assertion, the IJ acknowledged the cousin's fear that her ex-boyfriend would harm Hernandez-Rodriguez if he returns to El Salvador. Regarding the other portions of the cousin's testimony, Hernandez-Rodriguez fails to overcome the presumption that the IJ considered the evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).

We do not address Hernandez-Rodriguez's contention that the IJ erred by finding he failed to establish membership in a cognizable social group because the BIA did not deny his claim on that basis. *See Najmabadi v. Holder*, 597 F.3d 983, 992 (9th Cir. 2010) ("[O]ur review is limited to the grounds actually relied upon by the BIA . . . .").

Finally, Hernandez-Rodriguez does not raise any argument challenging the agency's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**